956 F.2d 1169
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Hugh STORER, Defendant-Appellant.
 No. 91-30103.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 26, 1992.*
Decided March 4, 1992.
 
 Before CANBY, WILLIAM A. NORRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Hugh Storer appeals his conviction and sentence following a conditional guilty plea to bank robbery, in violation of 18 U.S.C. § 2113(a). Storer contends that the district court erred by denying his motion to suppress identification testimony because the pretrial identification was unreliable and overly suggestive. Storer also contends that the district court misconstrued the maximum sentence for bank robbery. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 * Suppression of Identification Testimony
 
 
 4
 We review de novo whether a pretrial identification procedure is impermissibly suggestive. United States v. Johnson, 820 F.2d 1065, 1072 (9th Cir.1987). Due process is violated if the procedure is so suggestive as to "give rise to a very substantial likelihood of irreparable misidentification." Denham v. Deeds, No. 90-15798, slip op. at 915, 923 (9th Cir. Jan. 27, 1992).
 
 
 5
 Here, employees from the victim bank described the bank robber as a white male with brown hair and facial hair. The bank teller identified Storer as the bank robber after examining a photo array of six suspects.[1]
 
 
 6
 Storer argues that the photo array was unnecessarily suggestive because only two of the pictures in the array depicted individuals with brown hair and that Storer's picture was larger than the other five. Nevertheless, as noted by the district court, all six photos depict white males of approximately the same age with different shades of brown hair and facial hair. Although one photo is slightly larger than the others, the difference is not so significant as to give rise to a very substantial likelihood of irreparable misidentification. See Johnson, 820 F.2d at 1073. We conclude that the photographic identification procedure was proper, and that the identification testimony was admissible. See id.
 
 II
 
 7
 Statutory Maximum Sentence for Bank Robbery
 
 
 8
 18 U.S.C. § 2113(a) describes the offense of bank robbery. The provision concludes by stating that any person committing such an offense shall be fined, or "imprisoned not more than twenty years, or both." 18 U.S.C. § 2113(a). Storer argues that under the Comprehensive Crime Control Act of 1983, 18 U.S.C. § 3551 et seq., the maximum sentence for bank robbery is 12 years.[2]
 
 
 9
 18 U.S.C. § 3559 classifies criminal offenses by letter grade according to the maximum term of imprisonment authorized. See 18 U.S.C. § 3559(a). Without regard to its letter grade, the maximum term of imprisonment of an offense "is the term authorized by the law describing the offense." 18 U.S.C. § 3559(b) (emphasis added); see United States v. Schiffbauer, No. 90-10624, slip op. at 1081, 1085 (9th Cir. Feb. 4, 1992). Section 2113(a), which describes the offense of bank robbery, clearly states that the maximum term of imprisonment for the offense is 20 years. 18 U.S.C. § 2113(a). Therefore, although section 2113(a) does not classify bank robbery by letter grade and by definition is a Class C felony under section 3559(a)(3), the sentencing provisions under 18 U.S.C. § 3581(b) are inapplicable. See Schiffbauer, slip op. at 1086.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Storer argues that a corporeal lineup, instead of a photo lineup, should have been conducted because it was a more reliable method of identification. Nevertheless, the law does not require one method over another. Due process is preserved so long as the pretrial identification procedure is not impermissibly suggestive. See Johnson, 820 F.2d at 1072
 
 
 [2]
 Storer reasons that bank robbery is a Class C felony. See 18 U.S.C. § 3559(a)(3). As such, the authorized maximum term of imprisonment is 12 years. See 18 U.S.C. § 3581(b)(3)